United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Luis Pereira, Sr.,<br>Defendant. | )<br>)<br>)<br>)  Criminal Case No. 01-10055-CR-Scola<br>)<br>)<br>) |

### Order Denying Defendant's Motion for Compassionate Release

 Before the Court is Defendant Jose Luis Pereira, Sr.'s pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 432). The Government has responded, opposing the motion, submitting that Pereira has failed to show that he is entitled to a sentence reduction. (Govt's Resp., ECF No. 436.) Pereira has not replied and the time to do so has passed. After review and for the reasons set forth below, the Court **denies** Pereira's motion (**ECF No. 432**).

 While on supervised released, after serving a six-year sentence in another federal case involving the importation of over 450 kilograms of cocaine, Pereira was involved in yet another drug conspiracy, this one involving the importation of over 350 kilograms of cocaine. (Govt's Resp. 1–3.) Although Pereira's three co-defendants in the second case were arrested in September 2001, Pereira fled and was not arrested until March 2005. (*Id.* at 2.) Pereira exercised his right to a trial, in December 2005, following which a jury returned guilty verdicts as to all four counts in the indictment. (*Id.* at 1–2.) At sentencing the Court determined Pereira's applicable guideline range was thirty years to life and sentenced him to thirty years—the low end of the guidelines. (*Id.* at 3.) To date, Pereira has served seventeen years of his sentence.

 The Government agrees with Pereira that it appears he has exhausted his administrative remedies. Nonetheless, as set forth below, the Court finds release according to 18 U.S.C. § 3582(c)(1)(A)(i) is not appropriate in this case for the following reasons.

 To begin with, Pereira has not carried his burden of showing "extraordinary and compelling reasons" for early release "consistent with applicable policy statements" as required by § 3582(c)(1)(A)(i). Pereira mentions he suffered a heart attack in March 2022. He does not, however, contend or point to any medical records showing that he "is experiencing a serious deterioration in physical or mental health because of the aging process" as

required by the Sentencing Commission's policy statement on compassionate release. U.S.S.G. § 1B1.13, cmt. 1(B) (addressing age-related compassionate release). According to the medical records presented, although Pereira is over 65-years old, it appears he is receiving appropriate medical treatment for his condition and his health issues are being adequately managed.

Pereira also complains that he is vulnerable to an increased risk of severe COVID-19 illness. However, any concerns Pereira has about contracting COVID-19, in relation to his heart condition or age, or becoming seriously ill should he contract COVID-19, while in BOP custody, are severely diminished by virtue of the fact that he has been fully vaccinated. *See United States v. Shettler*, 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) ("[E]ven assuming Defendant's claimed conditions appear on the CDC's list of such conditions, Defendant does not fall within the DOJ's recently revised COVID-specific guidance as to establishing an extraordinary and compelling reason for early release because he is fully vaccinated against COVID-19"); *United States v. Kramer*, 19-20031-CR, 2022 WL 6731793, at *3 (S.D. Fla. Oct. 11, 2022) (Gayles, J.) (finding "concerns about COVID-19" rendered "moot as the vaccine has been shown to protect against serious COVID-19 infections"); *United States v. Alvarez*, 19-CR-20343, 2021 WL 5415858, at *5 (S.D. Fla. Nov. 19, 2021) (Bloom, J.) (denying motion for compassionate release, noting that "Defendant is now fully vaccinated against COVID-19, and while the vaccine does not guarantee that he cannot contract the virus, it significantly decreases the likelihood that he will contract COVID-19"); *United States v. Serpa*, CR 19-20544, 2022 WL 1078976, at *1 (S.D. Fla. Apr. 11, 2022) (Scola, J.) (noting, in denying motion for compassionate release, that "any concerns [the defendant] has about contracting COVID-19, in relation to these ailments, or becoming seriously ill should she contract COVID-19, while in BOP custody, are severely diminished by virtue of the fact that she has been fully vaccinated"). Accordingly, given that Pereira has been vaccinated, he cannot now present an "extraordinary and compelling" reason as it relates to the virus and his medical condition.

In short, Pereira's medical records indicate he is receiving adequate treatment for his medical conditions and there is no showing that his ability to provide self-care in the prison setting is significantly diminished, either as a result of his medical condition or his age.

Additionally, even if Pereira had shown extraordinary and compelling reasons in favor of his release, he did not demonstrate that the § 3553 factors weigh in his favor. Pereira has a prior conviction for trafficking in over 450 kilograms of cocaine. He served a six-year sentence in federal prison for that offense and then committed the offenses resulting in his present incarceration

while he was on supervised release for the first conviction. He then fled the jurisdiction, after the seizure of over 350 kilograms of cocaine in this case, evading capture for several years. Pereira has shown no remorse and has not fully accepted responsibility for his involvement in this case. Releasing Pereira now would not adequately account for the severity of his crimes, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or properly avoid unwarranted sentencing disparities between defendants who have committed similar offenses. In short, the 3553(a) factors do not weigh in favor of Pereira's release.

Accordingly, the Court **denies** Pereira's motion for compassionate release (**ECF No. 432**).

**Done and ordered** at Miami, Florida, on December 2, 2022.

Robert N. Scola, Jr.
United States District Judge