United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff )<br>)<br>v. )<br>)<br>Luis Pereira, Sr., Defendant. )<br>) | Criminal Case No. 01-10055-CR-Scola |

### Order Granting Motion for Sentence Reduction

This matter is before the Court on Defendant Luis Pereira, Sr.'s pro se motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Mot., ECF No. 444.) The Government has responded, acknowledging Pereira's eligibility for a reduction but, at the same time, maintaining that the § 3553(a) factors weigh against applying any reduction to his sentence. (Gov't's Resp., ECF No. 446.) Pereira has not replied and the time to do so has passed. After careful review, the Court **grants** Pereira's motion for a reduction of his sentence. (**ECF No. 444**).

1. **Background**

In February 2005, a jury found Pereira guilty of all four counts in the indictment, related to a drug conspiracy involving the importation of over 350 kilograms of cocaine. (Gov't's Resp. at 1; Order, ECF No. 437.)

In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI") and calculated Pereira's based offense level at 38. (Gov't's Resp. at 2.) Based on Pereira's obstruction of justice, two points were added, resulting in a total offense level of 40. (*Id.*) Further, because Pereira committed his offense while he was serving a term of supervised release as a result of a prior, similar charge, he garnered two additional status points, yielding a total of five criminal history points. (*Id.*) Based on a total offense level of 40, along with a criminal history category of III, Pereira's resulting guideline range was 360 months to life. (*Id.*) Adopting the low end of the guidelines, the Court sentenced Pereira to 360 months' imprisonment. (*Id.*)

Since Pereira was sentenced, the United States Sentencing Commission enacted Amendment 821 to the United States Sentencing Guidelines. Part of this amendment alters the way "status points"—criminal history points applied when a defendant committed the instant offense while under any other criminal justice sentence—are calculated. U.S.S.G. § 4A1.1(e). Pereira now seeks retroactive application of this part of Amendment 821 to the Court's judgment sentencing

him to 360 months in prison.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that the Defendant invokes here involves a change in the way "status points" are calculated. Here, as the Government acknowledges, a review of the Defendant's case reveals he is indeed eligible for a sentence reduction pursuant to this part A of Amendment 821. (Gov't's Resp. at 4.)

Previously, the status-points provision of part A resulted in an additional two criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d) (2015). The Amendment, however, now "limits the overall criminal history impact of 'status points' in two ways." FSG § 4A1.1, Editor's and Revisor's Notes (2023). First, as revised, the status-points provision, under redesignated subsection (e), will no longer apply to offenders with six or fewer criminal history points. *Id.* And second, though not applicable here, "the amendment also reduces from two points to one point the 'status points' assessed for offenders to whom the revised provision applies." *Id.*

Here, Pereira had a total of only five criminal-history points. (Gov't's Mot. at 4.) Accordingly, based on the amended status-points provision, the two status points he received for being on supervised release when he committed the offense in this case would be eliminated. As a result, then, Pereira would be placed in a criminal history category of only II, based on three criminal-history points. With an offense level of 40 and a criminal-history category of II, then, Pereira's amended guideline range is 324 to 405 months.

Pereira asks that the Court to resentence him to the low end of this new guideline range. (Def.'s Mot. at 19.) In opposition, while acknowledging Pereira's eligibility, the Government maintains that the § 3553(a) factors weigh against any reduction. In support of its position, the Government points to the Court's previous denial of Pereira's motion for compassionate release, in December 2022, arguing that the Court's analysis there applies with as much force now as it did then. (Order, ECF No. 437.) The Court disagrees.

First, a grant of Pereira's motion for compassionate release would have resulted in his immediate release. Reducing Pereira's sentence now, from 360 months to 324 months, will not result in his immediate release. Instead, it will move Pereira's release date up three years, from his currently projected release date of October 20, 2029, leaving him with years of his sentence yet left to serve. Secondly, Pereira has now served nearly two more years of his sentence since filing his motion for compassionate release. So, while the Court did opine, a year and a half ago, that Pereira's immediate release, at that time, "would not

adequately account for the severity of his crimes, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or properly avoid unwarranted sentencing disparities," those concerns have largely been assuaged by the passage of time, both past and to come. Nor are the Court's previous concerns, that Pereira has neither shown remorse nor accepted responsibility, still applicable. In the motion now before the Court, Pereira has unequivocally done so, owning up to his past mistakes and wrongdoing and expressing regret without reservation.

Now, after considering the § 3553(a) factors anew, the Court finds none of them to be a barrier to applying a reduction to Pereira's sentence. At the time of sentencing, the Court sentenced Pereira to the low end of the guidelines and the Court finds that continues to be appropriate.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **grants** Pereira's motion (**ECF No. 444**) and **reduces** his sentence to ***324 months*** in prison. All other terms and conditions of Pereira's sentence, including supervised release, remain in full force in effect.

**Done and ordered** in Miami, Florida on July 25, 2024.

_____
Robert N. Scola, Jr.
United States District Judge